CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 6 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GEORGE DANIEL PALMER,<br>Petitioner, | Civil Action No. 7:05CV00677 |
| v. | MEMORANDUM OPINION |
| GENE M. JOHNSON,<br>Respondent. | By: Samuel G. Wilson<br>United States District Judge |

George Daniel Palmer brings this 28 U.S.C. § 2254 petition, challenging his conviction of possession of a firearm by a convicted violent felon. Palmer claims that trial counsel was ineffective, that his guilty plea was not knowing and voluntary, that there was insufficient evidence to support his guilty plea, and that he is in fact innocent. This matter is before the court on the respondent's motion to dismiss. The court finds that Palmer's petition is untimely and that there are no grounds for equitable tolling. Accordingly, the court grants the respondent's motion to dismiss.

I.

Palmer pled guilty in the Circuit Court of Halifax County to possession of a firearm by a convicted violent felon, and on February 22, 2001, the court sentenced him to five years. Palmer did not appeal his conviction, and it became final on March 24, 2001, when his time to file a notice of appeal lapsed. See Va. S. Ct. R. 5:9 (allowing 30 days for filing a notice of appeal from a decision of a circuit court). On May 16, 2002, nearly fourteen months after his conviction became final, Palmer filed a habeas petition in the Circuit Court of Halifax County; he filed a motion to voluntarily dismiss the petition, which that court granted on September 24, 2002. On October 2, 2002, Palmer filed a second habeas petition in the circuit court, which that court dismissed on March 6, 2003; Palmer did not appeal. Palmer filed his federal habeas petition on

October 17, 2005, nearly 55 months after his conviction had become final. The respondent has filed a motion to dismiss, claiming Palmer's petition was untimely, and Palmer has responded.

## II.

Palmer did not meet the one-year statute of limitations for filing a federal habeas petition, and he has shown no grounds for equitable tolling of the § 2244 statute of limitations. The court, therefore, dismisses his petition. Palmer had 365 days from March 24, 2001, the date his conviction became final, to file his § 2254 petition.[1] Palmer did not meet this March 24, 2002, deadline; in fact, by that date, Palmer had yet to file his first state habeas petition.[2] Accordingly, Palmer's petition is barred unless he demonstrates grounds for equitable tolling of the one-year

---

[1] Under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A - D). Palmer has alleged nothing to support the application of § 2244(d)(1)(B - D), so the court finds the clock began to run on the date his conviction became final, March 24, 2001.

[2] Palmer's one-year clock had already run by the time he filed his state habeas petitions; therefore, those petitions afforded Palmer no tolling under § 2244(d)(2). Moreover, Palmer filed his federal habeas petition nearly 55 months after his conviction became final, 43 months beyond the 12 months allowed under § 2244. Thus, even were the court to toll the clock for the ten months Palmer's state habeas petitions were pending, his federal petition would be untimely by nearly 33 months.

2

clock. Palmer has made no such demonstration. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Palmer simply has not cited *any* external influence which prevented him from meeting the one-year deadline for filing the current § 2254 petition, much less one capable of meeting this rigorous standard. Accordingly, the court finds that Palmer is not entitled to equitable tolling.

### III.

For the foregoing reasons, the court grants the respondent's motion to dismiss.

ENTER: This 26th day of January, 2006.

UNITED STATES DISTRICT JUDGE

3